Opinion issued May 20, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00831-CV

———————————

**CITY OF HOUSTON, Appellant**

**V.**

**AEROSPACE OPERATING ASSOCIATES, LIMITED PARTNERSHIP, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-18626**

---

## MEMORANDUM OPINION

Appellant, the City of Houston (the "City"), filed a notice of appeal from the trial court's October 10, 2024 interlocutory order denying the City's plea to the jurisdiction. On April 16, 2025, the City filed a "Motion to Dismiss." In its motion, the City noted that exhibits were missing from its underlying trial court pleadings,

and "[r]ather than utilize scarce judicial resources," the City requested that the Court dismiss the appeal. *See* TEX. R. APP. P. 42.1(a) (permitting voluntary dismissal of appeal on motion of appellant).

No other party has filed a notice of appeal, and no opinion has issued. *See* TEX. R. APP. P. 42.1(a)(1), (c). The City's motion did not include a certificate of conference stating whether appellee, Aerospace Operating Associates, Limited Partnership, was opposed to the relief requested in the motion. *See* TEX. R. APP. P. 10.1(a)(5).

However, on April 25, 2025, appellee filed a document titled "Response to [the City's] Motion to Dismiss Appeal and Appellee's Motion to Affirm Trial Court's Order." *See* TEX. R. APP. P. 10.3(a)(2). In its response, appellee stated that the City's motion to dismiss be denied because "[d]ismissal would actually waste judicial resources by forcing the trial court to reconsider a jurisdictional question it has already decided" and the City's request for dismissal was, "[i]n both purpose and effect[,] . . . a motion for extension of time to file its brief," not a motion to dismiss. Appellee asserted that the City moved to dismiss its appeal as an attempt to circumvent this Court's order that no further extensions of the deadline to file its brief would be granted, absent extraordinary circumstances.

Appellee therefore requested that the Court deny the City's motion and affirm the trial court's order. Or, alternatively, deny the City's motion and order the City to file its brief within twenty days.

The Court grants the City's motion and dismisses the appeal. *See* TEX. R. APP. P. 42.1(a)(1), 43.2(f). We dismiss all other pending motions, including appellee's motion to affirm the trial court's order, as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.